N. SCHURZ, Appellee, v. S. J. McMENAMY, Appellant; W. F. McMENAMY, Appellee.

1.   **Landlord and Tenant:** LIEN FOR RENT : ATTACHMENT OF WIFE'S PROPERTY. The personal property of a wife used upon premises occupied by the family is not subject to a landlord's lien for the rent agreed to be paid for said premises under a lease signed by the husband alone.

2.   —————— : RENT : FAMILY EXPENSES. The wife is not liable under the provisions of section 2214 of the Code, as for a family expense, for rent accruing under a lease of a dwelling contracted by the husband alone, and during a time when the premises were not occupied by her.

*Appeal from Council Bluffs Superior Court.*—HON. E. E. AYLESWORTH, Judge.

FRIDAY, MAY 15, 1891.

THIS is an action upon a lease against a husband and wife to recover for rent due upon a lease executed by the husband alone, and to enforce a landlord's lien against personal property of the wife used upon the premises. A demurrer to the answer of the wife was sustained. Electing to stand on her answer a judgment was rendered against her, from which she appeals. *Reversed.*

*J. J. Stewart,* for appellant: The "special lien" mentioned in the lease would not affect appellant's property, as she is not a party to the instrument. Nor is appellee entitled to a "landlord's lien" on appellant's property unless the relation of landlord and tenant existed between them. *Perry v. Waggoner,* 68 Iowa, 403. The lien and remedy are purely statutory, and the landlord must take it just as it is given to him. *Merrit v. Fisher,* 19 Iowa, 354; *Clark v. Haynes,* 57 Iowa, 96. If this is a "family expense," the most that could be said is that appellant and her husband would both be personally liable for the payment of it. Code,

sec. 2214; *Jones v. Glass*, 48 Iowa, 345; *Devendorf v. Emmerson*, 66 Iowa, 698. No lien on her property could be created by reason of that fact. Family expenses are for things purchased for, on account of and used in, the family or kept for use, or have been beneficial thereto; not things simply contracted for the use of, but of which the family is deprived. *Smedley v. Felt*, 41 Iowa, 588; *McCormick v. Muth*, 49 Iowa, 536; *Davis v. Ritchey*, 55 Iowa, 719; *Fitzgerald v. McCarty*, 55 Iowa, 702.

*Walter I. Smith*, for appellee.: The statute does not define or determine what constituted a family expense, nor was it the purpose of the statute so to do. *Blachley v. Laba*, 63 Iowa, 22. The meaning of the words "expense of the family" as used in the statute remains to be determined from their common and ordinary use and acceptation. While the statute says that the family expenses are chargeable upon the property of the wife, it has always been treated as though both were personally liable therefor. The question then arises, is she thus liable simply for the value of the goods furnished the family, or is she liable upon the contracts of her husband? This question is answered in *Lawrence v. Sinnamon*, 24 Iowa, 80.

BECK, C. J.—I. The lease runs for nine months. The rent is two hundred and twenty-five dollars for the whole term, payable twenty-five dollars monthly in advance. The husband alone signed the lease. The petition asks judgment against both the husband and wife, and asks an attachment, and the enforcement of a landlord's lien against the personal property of the wife used upon the premises during the term for which suit is brought. The wife alleges in her answer that she is the sole and only owner of the goods seized upon the attachment issued in this case. She denies that she entered into any contract with the plaintiff, or

1. LANDLORD and tenant: lien for rent: attachment of wife's property.

that she was his tenant. She admits that she lived with her husband upon the premises for a time, and used thereon the property attached, but alleges that all the rent due for that time has been paid, excepting rent for two days, which she offers to pay. The plaintiff demurs to the answer on the ground that, as a matter of law, it appears from the facts pleaded by said answer that the property of the defendant levied upon is subject to the plaintiff's landlord's lien, and that the wife is liable for the rent sued for in this action.

II. It is clear that the wife is not liable upon the lease, if at all ; that is to say, an action against her on the lease could not be maintained, if she be liable on the ground that the rent is a family expense. If liable at all, her liability arises not upon a contract made by her with the landlord,—for she made none, as she alleges in her answer,—but, by operation of law, upon the fact that she is the wife of the lessor, and, with him, used the premises as a home for the family, and the rent thus became family expenses. Her liability, created by the statute ( Code, sec. 2214), arises for the expenses of the family, for debts contracted for the property for the family living ; or, if for rent, for the home occupied by the family. Her liability is for family expenses, not on obligations incurred upon executory contracts for future expenses. It is plain that she, on the ground of her liability for family expenses, is not liable for the default of the husband to perform an executory contract. In illustration of this point, let it be supposed that the husband enters into a contract to purchase twelve tons of fuel, a ton to be delivered and paid for on the first day of each month. Six tons are delivered, paid for and used, and the husband refuses to receive and pay for any more. But the fuel necessary to fill the contract is tendered, or, if you please, taken to and left at the place where the other fuel was delivered, but not used by the husband and family. Now, it is very plain that, as this fuel was not used by the family, the

2. ——: rent: family ex- penses.

price thereof was not, and could not be, family expenses, for the simple and obvious reason that it was not used by the family. The facts of the supposed case and of this are identical.

*Lawrence v. Sinnamon*, 24 Iowa, 80, is not in conflict with these views. In that case it was held that the wife was bound upon the husband's contract for the family expenses, and her liability would run with the liability of the husband, with the change of his contract to a promissory note, so that it would not be barred by the statute of limitations. But this liability—this debt of the husband—was for goods used by the family for family expenses. It was not the debt incurred by the breach of a contract, or for goods bought and not used by the family, which by no possibility could become family expenses. That case holds that for goods used by the family, thus becoming family expenses, the wife is liable, while the liability of the husband continues, notwithstanding a change of the indebtedness from an open account to a promissory note. We conclude that if it be assumed that the rent of a dwelling used by a family, in a proper case, becomes family expenses (a question we do not determine here), for which the wife is liable, no such liability arises against the wife, upon contracts for the rent of a house which was never used by the family.

These considerations lead us to the conclusion that the court below erroneously sustained the demurrer to the defendant's answer, and the judgment in the case is, therefore, REVERSED.