### Albert Fuchs, Plaintiff in Error, v. I. E. Block, Defendant in Error.

### Gen. No. 15,179.

LANDLORD AND TENANT—*when party signing lease not liable for rent.* One who joins in the execution of a lease, which lease is a complete contract between the lessor and lessee mentioned therein is not obligated thereby for the rent accuring under such lease if such person is in nowise referred to in the body thereof.

Assumpsit. Error to Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, Jr., Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 30, 1910.

B. M. SHAFFNER, for plaintiff in error.

BLUM & BLUM, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff brought an action in the Municipal Court against John Terrell and I. E. Block to recover $225 rent on a lease. The lease begins as follows: "This agreement made, etc.,

between Albert Fuchs, party of the first part, and John Terrell, party of the second part," etc., and is signed:

"Albert Fuchs      [Seal]
John Terrell       [Seal]
I. E. Block        [Seal]"

Terrell was not served with summons. Block entered an appearance. Plaintiff put in evidence the lease, which contains a covenant by the party of the second part to pay certain rent. It was admitted that the signature of Block to the instrument was genuine. The court held that because Block's name did not appear in the body of the instrument he was not bound by the covenants of the lease, and gave judgment for the defendant.

The instrument is a complete contract between Fuchs and Terrell, and Block's name is not mentioned in the body of the instrument.

In Lancaster v. Roberts, 144 Ill. 213, it was held that "when a third person merely annexes his name to a contract which in the body of it does not mention him, and which is in itself a complete contract between other parties who sign it and are mentioned in it, such third person does not thereby become a party to the efficient and operative parts of the contract." We regard the decision in that case as controlling the decision in this case. See, also, Doyle v. Dunne et al., 144 Ill. App. 14.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*