### Rudolph Lederer, Appellant, v. Ora B. Blair, Appellee.

Husband and wife, § 164*—*what is not family expense for which wife is liable.* Under section 15, ch. 68 of Hurd's Rev. St. (J. & A. ¶ 6152), providing that the expenses of the family shall be chargeable on the property of both husband and wife, and either of them may be sued therefor, either jointly or severally, the wife is not liable for rent due under a lease signed only by the husband for the remainder of the term following an abandonment of the premises, since rent of unoccupied premises is not a family expense.

Appeal from the Circuit Court of Macon county; the Hon. William K. Whitfield, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 15, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

D. C. CORLEY and WINSTON & LOWY, for appellant.

HENSON & GILBERT and J. H. HELMICK, for appellee.

PER CURIAM.

This is an appeal from an order sustaining a demurrer to a declaration consisting of two counts in assumpsit. Plaintiff abiding by the demurrer, judgment was rendered against the plaintiff, who prosecutes this appeal.

The first count avers that defendant, together with her husband, James Blair, entered into possession and occupation of a certain flat in Chicago, on November 1, 1916, under a lease dated November 1, 1916, expiring September 30, 1917, at a monthly rental of $110 per month, payable monthly in advance; that said rent due to plaintiff by virtue of said lease and occupation of said premises became a family expense of the defendant, for the payment of which defendant became liable, and that defendant failed to pay rent for the months of May to September, 1917, amounting to $550, for which this suit is brought.

The second count avers that James Blair, husband of defendant, on November 1, 1916, entered into a written lease for the premises described in the first count for eleven months at a rental of $110 per month, payable monthly in advance; that the lessee and defendant were husband and wife and entered into possession of the said premises and occupied the same until April 1st, when they abandoned the same with the request that plaintiff obtain a new tenant; that plaintiff was unable to obtain another tenant; that the rent for the months of May to September has not been paid and that defendant is indebted to plaintiff in the sum of $550.

The first count, although it avers that defendant and her husband entered into possession of the premises November 1, 1916, and that defendant has failed to

pay the rent for May and subsequent months, yet, it does not aver that defendant or her husband occupied the premises during any part of the time for which plaintiff seeks to recover rent. The second count avers the lease was made by the husband and that the lessee and his wife, the defendant, occupied the flat until April 30th, when they abandoned it, having. paid the rent to that time.

The only question presented for review is whether a wife is liable for the rent of premises leased by her husband after they vacated and did not actually occupy them. It is clear that the defendant is not liable on the lease because she did not execute it; if she is liable it is only by operation of law. Section 15 of chapter 68 of the Statutes (J. & A. ¶ 6152), provides that the expenses of the family shall be chargeable on the property of both husband and wife, and either of them may be sued therefor, either jointly or severally. The liability of the wife ''created by the statute arises for the expenses of the family, for debts contracted for the property for the family living; or, if for rent, for the home occupied by the family. Her liability is for family expenses, not on obligations incurred upon executory contracts for future expenses.'' The Illinois statute was copied from the Iowa statute, and in *Schurz v. McMenamy*, 82 Iowa 432, and *Straight v. McKay*, 15 Colo. App. 60, the cases involving the identical question here presented, it was held that the wife was not liable for the rent of premises rented by the husband when they were not occupied by the family. The statute places no liability on the wife for breach of the husband's contract for family expenses, and the wife is not liable for rent after the family had vacated the premises, because rent of unoccupied premises is not a family expense. There was no error in sustaining the demurrer and the judgment is affirmed.

*Affirmed.*