EDGAR A. LEVY LEASING CO., INC., Plaintiff, *v.* BANK OF AMERICA NATIONAL ASSOCIATION and Another; Defendants.

Municipal Court of New York, March 31, 1932.

*M. S. & I. S. Isaacs* [*David Oppenheim* of counsel], for the plaintiff.

*Curtin & Glynn*, for the defendant.

GENUNG, J. The National Bank of Bay Ridge had an account known as Palm Knitting Company, Inc. The knitting company was indebted to the Bay Ridge Bank in a sum over $40,000, evidenced by a promissory note, and as security for the payment of that note the knitting company executed and delivered to one Bakerman, as the agent of the bank and for its benefit, a mortgage on the chattels of the knitting company in the premises 140 West Twenty-second street, New York city, owned by the plaintiff.

The Palm Knitting Company, Inc., defaulted in payment of its note, whereupon the bank, through Bakerman, directed the chattels to be sold and they were purchased by another dummy of the Bay Ridge Bank on May 25, 1925.

Thereupon and in May, 1925, the plaintiff leased to the bank the premises theretofore occupied by the knitting company and where the chattels were, for an indefinite term beginning June 1, 1925, at a rental of $625 a month, payable in advance on the first day of " each " month.

The Bay Ridge Bank paid the plaintiff the rent for the month of June.

On June 3, 1925, the Bay Ridge Bank, apparently having encountered difficulties, entered into an agreement with the East River National Bank (which bank, by a series of mergers, was consolidated with the defendant Bank of America National Association), which agreement became effective on or prior to June 6, 1925.

Under this agreement the Bay Ridge Bank sold outright to the East River Bank certain of its assets, including its furniture and fixtures and the leasehold on its banking premises, its books and records, and liquid assets, and purported to transfer to the East River Bank, " in trust," all of the rest of its assignable assets, the East River Bank, in turn, assuming the liabilities of the Bay Ridge Bank as specified in the agreement and receiving the note of the Bay Ridge Bank to its order for a sum representing the difference between the aggregate of the liabilities assumed by the East River Bank and the total amount of the liquid assets together with the agreed value of the furniture and leaseholds.

The East River Bank thus became possessed of all the real assets of the Bay Ridge Bank including the account of the Palm Knitting Company, Inc., together with the collateral securing same.

The chattels originally belonging to the Palm Knitting Company, Inc., remained in the plaintiff's building, with the plaintiff's consent, until the end of July, 1925, when they were sold by the " dummy " for approximately $12,500, and the proceeds of that sale were ultimately paid to the East River Bank and credited on account of the indebtedness to it of the Bay Ridge Bank, evidenced by the note aforesaid.

Plaintiff demanded the July rent, but payment was refused. It then obtained a judgment against the Bay Ridge Bank for this rent and issued execution which was returned unsatisfied. Plaintiff now seeks to recover of the defendant Bank of America — concededly the successor, by merger, to the rights and liabilities of the East River Bank — either the balance due on the aforesaid judgment, or, more directly, the rent or the value of the use and occupation of the premises in question for the month of July.

It is clear from the tenor of the agreement between the banks (paragraph " seventh ") that the Bay Ridge Bank was to retain only its stock in the Federal Reserve Bank and its corporate franchise, and that the East River Bank " took over " all of its assignable assets. I am satisfied from all the facts of the case that it was clearly the intention of the parties that the lease held by the Bay Ridge Bank on plaintiff's premises be included in its assignment, and that this intention was effectuated. The legal title to all of the machinery and equipment formerly of Palm Knitting Company, Inc., was vested in the East River Bank, by said agreement, from June 6, 1925, until the end of July, 1925, at which time the property was sold. It is conceded that these chattels remained, during the month of July, in the tenth and eleventh floor lofts in the leased premises. The East River Bank derived an obvious benefit from this use of plaintiff's premises. Plaintiff consented to this continued use of its premises. The East River Bank, having taken the benefits of the agreement between the Bay Ridge Bank and plaintiff, defendant cannot now be heard to disclaim the obligations of such agreement. As stated in *Ducasse* v. *American Yellow Taxi Operators, Inc.* (224 App. Div. 516, 519): " Nowhere has it ever been held that the possessor corporation can take the benefits of an executory bilateral contract and leave the liabilities to a ' defunct, propertyless and lifeless corporation ' which has no existence except for the sole purpose of being sued upon and defending against causes of action    *    *    *.''

The law is well settled that where a person, other than the lessee, is shown to be in possession of leased premises, it will be presumed that the lease has been assigned to him. (*Mann* v. *Munch Brewery,*

225 N. Y. 189, 193.) It follows that defendant is liable for rent for the month of July, at the rate reserved in the lease.

I am also of the opinion that plaintiff is entitled to a recovery against defendant on both the first and second causes of action alleged in the complaint. I am satisfied, after a careful reading of the agreement between the banks, in the light of the surrounding circumstances, that the East River Bank became obligated to plaintiff on an agreement implied in law, to pay rent for the month of July, whether the agreement between the banks be treated as a sale, or as a merger or consolidation, with the resulting statutory obligation. (See Cady Priv. Corp. § 235.)

Judgment for plaintiff for $625, with interest thereon from July 1, 1925. Ten days' stay of execution.