EDGAR A. LEVY LEASING COMPANY, INC., Plaintiff, *v.* HELEN J. COHEN, Formerly Known as (MRS.) HELEN J. AMES, and JULIAN COHEN, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, December 15, 1932.

*Alfred C. Bennett* [*Edgar F. Sachs* of counsel], for the plaintiff.

*Grand & Linzer* [*Philip Weiss* of counsel], for the defendant Julian Cohen.

GENUNG, J. This motion for judgment on the pleadings presents the question whether or not any implied contractual liability may be fastened upon a husband as a result of his having occupied a dwelling conjointly with his wife, and having paid the rent therefor during such period, where the premises were leased to the wife prior to her marriage and the husband has not expressly assumed liability therefor. The cause of this action was the abandonment of said premises by the defendants prior to the termination of said lease.

The complaint alleges that in May, 1930, plaintiff, by a written lease, demised certain residential premises to the defendant Helen J. Cohen (then known as Helen J. Ames) for a period of two years, commencing October 1, 1930, at a specified rental; that in September, 1930, the tenant married the defendant Julian Cohen; that both defendants thereafter " entered into possession and enjoyment of the demised premises and continued to occupy the same until on or about April 30, 1932, when they vacated and abandoned the said premises."

It is further alleged that the defendant Julian Cohen paid the rent during the period of said occupancy and until the alleged default. The complaint seeks recovery of a sum equal to the monthly rental reserved in the lease for the months of May, June, July, August and September, 1932.

The defendant Julian Cohen having answered, has moved for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

At the outset it may be observed that the lease is not before me, not having been incorporated in any of the pleadings. If it were, and appeared as an instrument under seal, the present inquiry might be concluded immediately by that circumstance. (*Briggs* v. *Partridge*, 64 N. Y. 357; *Crowley* v. *Lewis*, 239 id. 264.) Since the lease is not before me, however, I cannot assume it to have been under seal, regardless of an inclination to do so, arising from my familiarity with the form of indenture generally used by landlords in this city. The rule that on a motion for judgment on the plead-

ings, under rule 112 of the Rules of Civil Practice, the court is concluded by the allegations of fact contained in the pleadings (sometimes as amplified by a bill of particulars, or admissions of the adverse party), forbids such an assumption.

The instant complaint is founded upon the lease, and liability of the defendant Julian Cohen is, apparently, sought to be imposed on the basis of an assumption by implication arising out of the marriage, the occupancy of the premises by the defendant Julian Cohen, and his payment of rent to the plaintiff.

Interesting as this proposed theory may be, and persuasive as it may appear upon initial consideration, its plausibility quickly vanishes when it is analyzed in the light of principle and authority.

The right of a married woman to contract upon her individual credit as effectively as if she were a *feme sole* is too well established to admit of moot discussion. Her ancient contractual disabilities having been removed, she may buy, sell and exchange property, both real and personal. She may, of course, become the lessee of a dwelling. If premises be demised to her on the faith of her individual credit, she alone will be bound even though her husband and family participate in the beneficial enjoyment of the premises. (Cf. *Ackley* v. *Westervelt*, 86 N. Y. 448, 453.)

In the case at bar, however, the contract upon which the suit is founded was made by Mrs. Cohen *before* she married the defendant Julian Cohen. She was then a *feme sole*. She had a legal right to contract with the plaintiff for a lease of the premises for a period of two years. By force of the lease plaintiff ceded to her the use of the demised premises for that period in consideration of *her* promise to be answerable for the stipulated rental during that time.

The fact that the husband, under these circumstances, thereafter paid the rent presents no factor of determinative importance. If the obligation was indeed the obligation of Helen J. Cohen, if the contract had been made by the landlord on the faith of her individual credit, the payments, when accepted by the landlord, operated merely for her benefit in discharging her periodic obligations under the terms of the lease; they did not have the effect of creating an independent liability in Julian Cohen.

Equally without significance is the fact that Julian Cohen occupied the premises jointly with the other defendant until the date of their removal therefrom. The lease was made directly with his wife at a time when she was not yet his wife. She was the lessee. The lawful enjoyment of the premises was granted to her for the term specified in the lease. But she was not bound to live in solitude; nor, if she married, would that fact *ipso facto* impose the obligation of her lease upon her husband. In the nature of things the right

of a lessee to permit others to make their home with him is absolute, unless qualified by agreement or statute. The most familiar illustration of the exercise of this right is found in the custom which prevails in all civilized countries whereby the head of the family signs the lease under which the entire family occupies the premises.

True it is that in some jurisdictions the so-called doctrine of " family-expense " prevails. Whatever be the merits of that theory it has apparently never been adopted in this State. It is worthy of note, too, that even where the doctrine prevails, though the rent of a house in which husband and wife live is sometimes considered a family expense (*Illingworth* v. *Burley*, 33 Ill. App. 394), the rule is otherwise as to the rent of *unoccupied* premises. (*Lederer* v. *Blair*, 212 Ill. App. 141; *Straight* v. *McKay*, 15 Col. App. 60.)

Plaintiff also urges that the instant case is controlled by the principle of a husband's liability for necessaries furnished to his wife. In my view of the case the principle has no application whatever, primarily because the complaint is framed upon no such theory. Moreover, the necessary allegations in an action for necessaries are wholly lacking.

In any event it is difficult to perceive the relevancy of this principle to the facts of the case at bar. The principle itself is simple and is founded upon obvious considerations of expediency and social policy. Implicit in the marriage relation is the obligation of the husband, even in modern times, to provide his wife with food, shelter, clothing and the basic necessaries of life. If the husband does not respond to the duty of furnishing an abode, the duty may, within reasonable limitations, be performed by others, who in turn may call upon the husband to remit tardily for that which he should have in the first instance provided.

The theory upon which the husband is in such cases held liable rests on the fiction of agency; that as to the basic necessaries which the husband has failed to supply for the wife, the wife is impliedly clothed with authority to pledge her husband's credit in the discharge of his fundamental duty to her. Inherent in the entire doctrine is the necessary ingredient of a subsisting marriage at the time when the credit of the husband was pledged. The fiction of implied agency to contract for necessaries may not rationally be invoked where there is in fact no marriage, either actual or ostensible.

Moreover, this principle has no application where, despite the admitted fact of marriage, the credit is shown to have been extended to the wife individually. If the obligation assumed under the lease in question was single and entire instead of multiple and divisible, so that the liability of the defendant Helen J. Cohen thereunder immediately arose *before the marriage*, the inquiry, in the light of the

principle of the husband's liability for necessaries, could be determined immediately by the circumstance that the lease was signed before the marriage and that consequently no implication of agency was permissible.

I perceive no point of difference, however, in the fact that the lease expressed an obligation which was continuous, periodic and divisible and that the payments therein provided for became due only after the marriage had in fact taken place. The liability of a husband for necessaries must be determined as of the time, and with reference to the circumstances existing, when the contract is made, and not with regard to the time of performance.

In any event recourse to the theory of a husband's liabilities for necessaries would not authorize recovery against the husband for a period subsequent to the removal of the defendants from the premises. The liability of a husband to reimburse a person for shelter furnished to the wife is a liability imposed through a fiction which has properly been termed " an agency of necessity." The obligation of the husband in such cases is co-extensive with actual occupancy and no more. It presupposes a benefit actually received by the wife. A naked contractual obligation — arising upon an instrument to which the husband is not a signatory — unconnected with actual tangible benefit relieving the necessitous condition of the wife, is not a necessary for which the husband is liable.

There is little merit in plaintiff's contention that defendant Julian Cohen may under the circumstances be viewed as an assignee by operation of law. The rule is, indeed, as claimed by plaintiff, that, ordinarily, where a person other than the lessee is shown to be in possession of leasehold premises, the law presumes that the lease has been assigned to him and payment of the rent by one in possession and under the authority of the original lessee is *prima facie* evidence of an assignment. (*Mann* v. *Munch Brewery*, 225 N. Y. 189.) (See, also, *Levy Leasing Co., Inc.*, v. *Bank of America Nat. Assn.*, 143 Misc. 365.) I do not believe, however, that the rule has any application to the facts here disclosed. By the very premise of the complaint the tenant, Helen J. Ames, did not remove from the premises and permit a stranger to move in and pay rent. On the contrary, she remained in the premises and the man whom she married subsequent to the making of the lease joined her at *her* home. Under these circumstances it would be straining the rule in the *Mann* case to the breaking point to hold that defendant Julian Cohen became an assignee of the premises.

Lastly, I am referred by the moving defendant to the fact that prior to the institution of this motion, judgment was, by consent of defendant Helen J. Cohen, entered against her for the full amount

demanded in the complaint. I am asked, therefore, to hold that recourse against the husband is now barred. Even were I in accord with this view, I perceive no principle upon which that circumstance may be considered by me in determining this motion. Unquestionably the court may take judicial notice of its own records. But to do so under the circumstances here present, seems scarcely permissible in view of the fixed rule confining my decision to the pleadings alone.

Were the rule otherwise, however, I would hardly be inclined to conclude the plaintiff's rights by holding that recourse against the husband was forever barred, since, conceivably, if, upon amendment, the plaintiff could establish an express assumption of the lease by the husband, the entry of the judgment against the wife would be wholly consistent with the survival of such liability in the husband.

Motion granted, with ten dollars costs, with leave to the plaintiff to serve and file an amended complaint within five days from the date of the entry of an order hereon, upon payment of said costs.