Rae Valentin, Plaintiff-Appellant, v. D. G. Swanson & Company, Defendant-Appellee.

Gen. No. 47,787.

First District, Third Division.
March 23, 1960.
Rehearing denied April 14, 1960.

286

Brooks and Gordon, of Chicago (Gilbert Gordon, of counsel) for plaintiff-appellant.

Samuel Levin, of Chicago (Roland C. Upton, of counsel) for defendant-appellee.

PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This action was commenced by a complaint alleging certain damages to the plaintiff by virtue of a fall on

the premises owned by defendant and leased in part to plaintiff's husband. The defendant answered, setting up an exculpatory clause as an affirmative defense, and then filed a motion for judgment on the pleadings. Thereafter a judgment was entered on the pleadings. This is an appeal from that order dismissing the complaint upon the affirmative defense of the defendant.

The exculpatory clause in the lease was as follows:

"8. Neither the Lessor nor his agents shall be liable for damages, to the Lessee or to any person claiming through Lessee (nor shall rent be abated) for injury to person or damage to or loss of property wherever located from any cause or for damage claimed for eviction actual or constructive; this provision includes particularly but not exclusively all claims arising from the building or any part thereof being or becoming out of repair including appurtenances, equipment, furnishings, fixtures or apparatus located in the demised premises or in the building or premises of which said demised premises are a part, or from any act or neglect of lessor or his agents or of any tenant or occupant of such building or of the premises of which such building is a part, or of the neighboring property."

The lease provided that the lessee was one E. S. Valentin, and the lease was signed by him and by him alone. It also provided, inter alia, that the premises were rented to Valentin as a private dwelling and that the premises:

"3. . . . shall not be occupied in whole or in part by any person other than Lessee, and Lessee shall not sublet the same or any part thereof, nor assign this lease, nor permit to take place by any act or default of himself or any person, any transfer by operation of Law of Lessee's interest created hereby; nor offer for

lease or sublease the said premises, nor any portion thereof, without, in each case, the consent in writing of Lessor."

The lease was binding upon the executors, administrators, heirs and assigns of the lessor and lessee, and no one else. The exculpatory clause has been declared by the legislature of Illinois to be against public policy and void. This declaration dates from July 1, 1959. This case arose out of transactions before that date.

■ ■ The question to be decided is well defined. The validity of the exculpatory clause involved is clear, since this case arose after the same clause was approved of in the O'Callaghan case (15 Ill.2d 436), and is not affected by the statutory declaration on April 13, 1959, that such clauses are against public policy and void [Ill. Rev. Stat. 1959, Chap. 80, sec. 15A]. The effect to be given the statute must be determined by the language used, and unless it is so clear that it will admit of no other construction, retroactive application will be denied. McQueeney v. Catholic Bishop of Chicago, 21 Ill.App.2d 553, 557.

Thus, the question presented is whether the wife of the lessee, not a signer of the lease, injured in the common stairway of the landlord's building, may recover for those injuries when her husband, the lessee, would be unable to do so because of a valid exculpatory clause contained in the lease.

■ ■ The same rules are applicable to the construction of leases as are applicable to the construction of other contracts. 7039 Wentworth Ave. Bldg. Corp. v. Trough, 332 Ill. App. 635. Normally, one who has not expressed acceptance of the offer by signing the written contract, would not be bound by its terms. W. T. Grant Co. v. Jaeger, 224 Ill. App. 538. Furthermore, it has been held that even one who signed a lease, but whose name did not appear in the body

thereof, would not be held subject to its terms. Fuchs v. Block, 156 Ill. App. 482.

Exculpatory clauses are to be strictly construed against the party they benefit. Jackson v. First Nat. Bank of Lake Forest, 415 Ill. 453. A lease containing such clause must also be strictly construed against the lessor. Their function is to relieve the landlord of liability for breach of his normal obligations as a landowner. Only those persons willing to forgo, for some reason, the protection offered by the normal rules of negligence law may be bound to the waiver of those rights. This willingness may not be implied but must be express. The exculpatory clause has been upheld on the basis that it is an exercise of the party's freedom of contract. O'Callaghan v. Waller & Beckwith Realty Co., 15 Ill.2d 436. However, where the person sought to be held to the clause has not signed it, the negotiation as a matter of offer and acceptance necessary to an exercise of freedom of contract is missing. Simmons v. Columbus Venetian Stevens Bldgs., Inc., 20 Ill.App.2d 1, 31.

To apply the doctrine of freedom of contract as a means of sustaining the landlord's exculpation to one who has not signed the lease is a tortured and inequitable extension of a theory already strained to its limits in its application to the signer. Any justification for such application would have to flow from the relationship between the husband and wife which could make both signers by construction. We now proceed to a consideration of appellee's contentions in this regard.

First, we must determine the merit in appellee's contention that appellant is so identified with the tenant in the execution of the lease as to be a constructive party to it. If so, she may be bound by its exculpatory provision.

It is contended by the appellee that the tenant, in executing the lease, did so as the head of the family

290

and on behalf of the wife as a member of that family. From this appellee maintains that the wife is bound by the husband's lease although she did not sign it. The Married Women's Act, which provides that under certain circumstances the wife is bound for expenses of the family, is relied upon for support. Pursuant to that act, it has been held that the wife is liable for the use and occupation of premises occupied as a home. The Illinois Appellate Court, in Lederer v. Blair, 212 Ill. App. 141, held that the wife was not liable under this act on a lease for the rents not caused by family living. The court said, at page 143:

"The only question presented for review is whether a wife is liable for the rent of premises leased by her husband after they vacated and did not actually occupy them. It is clear that the defendant is not liable on the lease because she did not execute it; if she is liable it is only by operation of law. Section 15 of chapter 68 of the Statutes (J. & A. § 6152), provides that the expenses of the family shall be chargeable on the property of both husband and wife, and either of them may be sued therefor, either jointly or severally. The liability of the wife 'created by the statute arises for expenses of the family, for debts contracted for the property for the family living; or, if for rent, for the home occupied by the family. Her liability is for family expenses, not on obligations incurred upon executory contracts for future expenses.' The Illinois statute was copied from the Iowa statute, and in Schurz v. McMenamy, 82 Iowa 432, and Straight v. McKay, 15 Colo. App. 60, the cases involving the identical question here presented, it was held that wife was not liable for the rent of premises rented by the husband when they were not occupied by the family. The statute places no liability on the wife for breach of the husband's contract for family expenses, and the wife is not liable for rent after the family had vacated

291

the premises, because rent of unoccupied premises is not a family expense."

This clearly indicates that the legislature did not intend to make cotenants of the husband and wife because of their relationship, but only gave a statutory right to recover against the noncontracting spouse for the reasonable value of the services actually rendered, which is, in most cases, less than the amount which would have been recoverable if the statute made each spouse subject to the terms of the other's contracts.

 Appellee also contends that the wife made her husband her agent and ratified the lease which he had entered into by living with him in the premises. We have no quarrel with the authorities cited by appellee for the proposition that the husband is the head of the household and that as such one of his obligations is to provide shelter for his family. However, that does not transform the wife's compliance with her marital duty into an appointment of her husband as her agent or a ratification of the lease in the sense that she may be bound by its exculpatory provisions. She had no alternative but to follow her husband to the shelter he provided. The authorities are equally clear that it is the wife's duty to live with him in whatever reasonably adequate shelter he provides. Babbitt v. Babbitt, 69 Ill. 277, 279. This is not ratification. Furthermore, ratification would only flow from acts done with knowledge of the lease's exculpation clause. There is no indication in this case that the wife had such knowledge.

Appellee also contends that even if the wife were not a party to the lease, she could not recover because she has no greater rights than the lessee himself. This injury occurred in a portion of the building under the control of the landlord. The Illinois authorities cited by appellee deal with situations in which the third

party was injured on the particular demised premises or on common areas as to which the lessee had assumed the duty of maintenance through agreement or other means. The underlying theory being that the party having control should be responsible for negligence, those cases make eminently good sense, for neither lessee nor lessor could legally perform preventive maintenance on the portion of the building under the control of the other.

 Injuries incurred in the common areas, however, may be the basis for a cause of action by the injured party in his individual capacity, without regard to the tenant's rights, where the landlord is responsible for maintenance of those areas. In Fisher v. Jansen, 30 Ill. App. 91, at page 93, the court stated:

"The proprietors of such houses could hardly expect to find tenants for and profit from their buildings, if they imposed unreasonable restraints upon the social life of the tenants. The proprietor invites tenants, and thereby impliedly invites the persons who are properly visitors or guests of the tenants, and they come within the protection of the principle that a person, while upon the premises of another by invitation, express or implied, is entitled to the exercise of due care on the part of the property owner for his protection."

This being true, the clause barring actions by persons "claiming through Lessee" as contained in the lease, has no application to this case. Appellant is not "claiming through Lessee," but was on the stairway as an invitee of the landlord, entitled to all the protection which the law has provided for such persons. Her mistaken reference to herself as a "tenant" in the complaint cannot change her actual legal status.

The lease is a personal covenant binding upon the parties thereto. In this case the wife was not a party by execution, ratification, estoppel from denying her

husband's agency, or implied cotenancy under the Married Women's Act; nor was she bound by the right to recover which her husband had, since the stairway was within the landlord's control. Therefore, she is not bound by the lease's exculpatory clause. No legal obligations accrued to her by reason of the lease.

The judgment is reversed and the cause remanded with directions to deny judgment on the pleadings and for further proceedings consistent with these views.

Judgment reversed and cause remanded with directions.

BURKE and FRIEND, JJ., concur.