Herbert M. Stein, et al., Plaintiffs, v. Yarnall-Todd Chevrolet, Inc., a Corporation, and Claude Woolf, Defendants.

Herbert M. Stein, et al., Plaintiffs-Appellants, v. Yarnall-Todd Chevrolet, Inc., a Corporation, Defendant-Appellee.

Gen. No. 51,348.

First District, Second Division.

July 14, 1967.

Clausen, Hirsh, Miller & Gorman, of Chicago (James T. Ferrini and Jacob T. Pincus, of counsel), for appellants.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago (Durmont W. McGraw and George W. Hamman, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County granting defendant's motions for summary judgment, and to dismiss. This action arose out of a fire in a building which is owned by the plaintiffs and is leased to the defendant. On January 23, 1964, defendant's employee was operating an oxyacetylene torch in defendant's automobile repair shop. A fire resulted which plaintiffs alleged in their amended complaint was the result of the negligence of defendant's employee and of the defendant, Yarnall-Todd Chevrolet, Inc.

Plaintiffs' theory is that the damage to the premises was the result of the defendant-lessee's negligence and that the lease under which defendant occupied the premises did not exculpate defendant from liability for loss caused by, or through its negligence. The basic issue

facing this court is whether the trial court was correct in construing the lease to exonerate the defendant.

The relevant provisions of the lease involved here are as follows:

> "5. . . . At the termination of this lease by lapse of time or otherwise, lessee shall return the premises and all leasehold improvements and fixtures therein in as good condition as when lessee took possession, ordinary wear and tear or damage by fire or other casualty beyond lessee's control excepted, . . . .

> . . . . . .

> "7. . . . In addition to all other liabilities for breach of any provision of this Section 7, lessee shall pay to lessors an amount equal to the increased cost of any insurance coverage resulting from lessee's act or neglect and all damages sustained by lessors as a consequence thereof. . . .

> "8. . . .

> "Notwithstanding the provisions of this paragraph 8, lessors shall, upon receipt of written request from lessee, at their own expense, make all repairs to the foundations, exterior walls, roof and supporting members of the present brick building located on the demised premises when such repairs are made necessary by ordinary wear and tear, it being expressly understood, however, that there shall be no obligation of the lessors to make repairs to the foundations, exterior walls, roof or supporting members of the present brick building when the damage requiring such repairs is caused by lessee or its customers or other persons in connection with lessee's business.

> "9. . . . If it (the building) shall be partially damaged by fire or other casualty without the fault or neglect of lessee it shall be repaired, restored

or rehabilitated by and at the expense of lessors, and rent, until the untenantable portion is ready for occupancy by lessee, shall be apportioned according to the part which is usable by lessee, . . . ."

Defendant Yarnall-Todd Chevrolet, Inc. cites Cerny-Pickas & Co. v. C. R. Jahn Co., 7 Ill2d 393, 131 NE2d 100, as controlling authority for the proposition that the lease involved here exonerated defendant from liability for occurrences such as the one which caused the damage to the building owned by plaintiffs and occupied by the defendant. In that case the Illinois Supreme Court was faced with the question whether the provisions of a lease exculpated the lessee from liability of loss caused by the negligence of the lessee. The relevant sections of that lease are as follows, Cerny-Pickas & Co. v. C. R. Jahn Co., supra, at p 395:

> "2.  . . . Lessee will keep said premises, including all appurtenances, in good repair, . . . ; and upon the termination of this lease, in any way, will yield up said premises to Lessor in good condition and repair (*loss by fire and ordinary wear excepted*) . . . . (Emphasis added.)
>
>  . . . . . .
>
> "8.  Lessor shall not be obliged to incur any expense for repairing any improvements upon said demised premises or connected therewith save as in this clause provided, and the Lessee at his own expense will keep all improvements otherwise in good repair (*injury by fire, or other causes beyond Lessee's control excepted*) . . . . (Emphasis added.)
>
>  . . . . . .
>
> "14.  Lessor shall pay for fire insurance on the building and equipment and machinery hereby

leased, and Lessee agrees to pay for any increase in fire insurance premium on such insurance policies, due to any increase in the insurance rate due to the nature of Lessee's business, or the manner of its conduct of the business."

In holding that the lease should be construed to exonerate the lessee from liability, the court paid particular attention to Section 2 of the lease where it was provided that the lessee was to "yield up said premises to lessor in good condition and repair (loss by fire and ordinary wear excepted)." In regard to this section the court said, at pp 396, 397:

"In the absence of any contrary expression in the lease, the lessee is not liable to the lessor for damages to the premises from fire which is not the result of his own negligence. (Tiffany, Landlord and Tenant, sec 111.) Therefore, unless this clause of the lease exempts the lessee from liability for loss by fire resulting from his own negligence, it does no more than restate the lessee's common-law obligation."

It is obvious that the court interpreted that section in the way that it did so as to give the section meaning. We are not faced with that problem in this case. The yield-back provision in the lease under consideration provides that the lessee return the premises in as good condition as when the lessee took possession, "ordinary wear and tear or damage by fire or other casualty beyond lessee's control excepted." The plain and obvious meaning of this section is that the lessee would continue to be liable for damages to the premises caused by its negligence or the negligence of its employees. Defendant contends that Section 8 of the lease in Cerny-Pickas is identical to the language we have just quoted from the lease in this case. While this is true we do not find the argument persuasive for the reasons that the two sections

do not concern themselves with the same subject matter and that the court failed to consider or take notice of the language in Section 8 in its opinion.

■ Moreover, exculpatory clauses are to be strictly construed against the party they benefit. Jackson v. First Nat. Bank of Lake Forest, 415 Ill 453, 114 NE2d 721; Valentin v. D. G. Swanson & Co., 25 Ill App2d 285, 167 NE2d 14. Beyond what we consider to be the clear meaning of the yield-back clause, the lease also contains other language which we feel supports the view that the intention of the parties was that the lessee should be responsible for damages to the premises caused by its negligence or the negligence of its employees. In Section 8 it is provided that the burden for making repairs when they are necessitated by the actions of the lessee are to fall upon it. And in Section 9, the lease provides that where the building is damaged by fire which is not the fault of the lessee, the lessor is to repair and restore the premises at the expense of the lessor. We feel that the logical inference to be drawn from this section is in accord with the provisions of Section 5 of the lease, the yield-back clause, namely that the lessee is to be responsible for damages caused by its actions or neglect.

In Cerny-Pickas & Co. v. C. R. Jahn Co., supra, the court also placed reliance on the fact that the lease in that case required the lessor to carry fire insurance on the property. The court construed this section when viewed in conjunction with the yield-back section of that lease (Section 2) to mean that the lessor should look solely to fire insurance, and not to the lessee for reimbursement of fire damage caused by the lessee's negligence. In contrast, the instrument here under consideration does not oblige the lessor to provide fire insurance, but merely provides that the lessee is to pay to the lessors any amount equal to the increase in the cost of any insurance coverage resulting from lessee's activities. In

our opinion this section merely recognizes the right of each party to insure their interest. We have read the recent opinion in Belden Mfg. Co. v. Chicago Threaded Fasteners, 84 Ill App2d 336, 228 NE2d 532, which discusses the Cerny-Pickas case. We are of the opinion that the opinion in the Belden case is not applicable to the factual situation presented in the case at bar.

■ Taking the instrument as a whole it is our opinion that the parties did not intend to exculpate the lessee for fire damage caused by negligence of lessee.

For that reason the judgment of the trial court is reversed and the cause is remanded with directions to deny defendant's motion to dismiss, that defendant answer and for further proceedings not inconsistent with these views.

Judgment reversed and cause remanded with directions to deny defendant's motion to dismiss, that defendant answer and for other proceedings not inconsistent with this opinion.

LYONS, P. J. and BURKE, J., concur.